IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

DANIEL R. DALEY,

       Plaintiff,

  v.                                Civil Action No.
                                      1:13-CV-1151 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR PLAINTIFF** | |
| MARGOLIUS LAW FIRM<br>7 Howard Street<br>Catskill, NY 12414 | PETER M. MARGOLIUS, ESQ. |
| **FOR DEFENDANT** | |
| HON. RICHARD S. HARTUNIAN<br>United States Attorney<br>P.O. Box 7198<br>100 S. Clinton Street<br>Syracuse, NY 13261-7198 | EMILY M. FISHMAN, ESQ.<br>Special Assistant U.S. Attorney |

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on June 17, 2014, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18 (formerly, General Order No. 43) which was issued by the Hon. Ralph W. Smith, Jr., Chief United States Magistrate Judge, on January 28, 1998, and subsequently amended and reissued by Chief District Judge Frederick J. Scullin, Jr., on September 12, 2003. Under that General Order an action such as this is considered procedurally, once issue has been joined, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

ORDERED, as follows:

1) Defendant's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

David E. Peebles
U.S. Magistrate Judge

Dated: June 19, 2014
Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------x
DANIEL R. DALEY,

                        Plaintiff,

vs.                          1:13-CV-1151

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
-----------------------------------------x
```

Transcript of a Decision on the Record held by teleconference on June 17, 2014, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

(By Telephone)

```
For Plaintiff:      OFFICE OF PETER M. MARGOLIUS, ESQ.
                    Attorneys at Law
                    7 Howard Street
                    Catskill, New York  12414
                      BY:  JANICE CAMMARATO

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of Regional General Counsel
                    Region II
                    26 Federal Plaza - Room 3904
                    New York, New York  10278
                      BY:  EMILY M. FISHMAN, ESQ.
```

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

1                (In Chambers, Counsel present via telephone.)
2                THE COURT: All right. Thank you, I'll have to let
3    that be the last word. I've reviewed carefully the briefs of
4    the parties and the administrative transcript, the record
5    that was before the administrative law judge and before the
6    Commissioner when the final determination was made.
7                It reveals that the plaintiff was born in October
8    of 1959, he's currently 54 years of age, single, lives alone,
9    he drives, he did not finish high school, is able to read and
10   write however, he has had several work experiences including
11   as a warehouse and forklift -- warehouse worker and forklift
12   operator, a short order cook making pizzas. His most
13   significant work experience comes in the form of being a
14   convenience store manager over the period of 15 years. I
15   understand from his testimony that that encompasses three
16   different store locations.
17               He has a history of a myocardial infarction and
18   stent placement but that appears to be fully controlled and
19   he sees a doctor only every six months for that condition.
20   He suffered a workplace accident involving his left wrist in
21   May of 2009, sought treatment initially in an emergency care
22   facility and then from Dr. Louis DiGiovanni, an orthopedist.
23   He had a trigger release, trigger finger release surgery in
24   September 2010. He was examined by consultative examiner
25   Dr. Kautilya Puri on October 25, 2010, and her report is in

1 the record.

2    The plaintiff applied for Disability Insurance
3 benefits on August 4, 2010, alleging disability onset date of
4 May 26, 2009 which coincides with the date of his
5 work-related accident.  A hearing was conducted after an
6 initial denial of the application by Administrative Law Judge
7 Gregui Mercado, G-r-e-g-u-i, on January 18, 2012.  ALJ
8 Mercado issued a decision on February 9, 2012.  The Social
9 Security Administration Appeals Council denied a review of
10 that determination in July of 2013 making the administrative
11 law judge's decision a final determination of the agency.

12    The administrative law judge applied the well-known
13 five-step test for examining disability, considered the
14 record which included not only the plaintiff's hearing
15 testimony and all of his medical records but the testimony of
16 a consultative physician who reviewed the records and a
17 vocational expert.  He found that the plaintiff did suffer
18 from severe impairments that interfered with his ability to
19 perform basic work activities, but he found that they were
20 not sufficiently severe to meet or medically equal the listed
21 presumptively disabling conditions set forth in the
22 Commissioner's regulations.

23    After surveying the evidence and discussing the
24 relative weight of various reports and medical evidence, the
25 ALJ determined that plaintiff is capable of performing a full

range of light work which, as you know by regulation as was I think recited during the oral argument, involves lifting not more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. It also requires a good deal of walking or standing, and when it involves sitting most of the time with some pushing and pulling of arm or leg controls.

The Commissioner then concluded -- the ALJ, that is, based on the testimony of the vocational expert, that plaintiff is able to perform his past relevant work as convenience store manager. That was also based on the Dictionary of Occupational Titles or DOT description of that position, as well as confirmed by the vocational expert who also testified he's capable of performing past relevant work as a cashier and as a short order cook as well.

As you know, the standard that I must apply is extremely deferential. I'm tasked with determining whether the correct legal principles were applied by the administrative law judge and whether his determination is supported by substantial evidence. Substantial evidence being defined by the Supreme Court as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

The -- I find that the ALJ's RFC determination is well supported. It is based on several items including the

1   reports of Dr. German Malaret, M-a-l-a-r-e-t, who testified
2   during the hearing based on his review of the medical records
3   that plaintiff did not suffer from any impairments, that is
4   at page 70 and 71, that would preclude his ability to perform
5   light work.  It is also based upon Dr. Puri's consultative
6   examination which can provide substantial evidence to support
7   a conclusion.  Dr. Puri found only an extremely modest loss
8   of strength in the left hand some six weeks after the trigger
9   finger release surgery, but concluded at page 256 of the
10  record that the plaintiff did not suffer from any fine or
11  gross motor activity limitations.  There is no contrary
12  opinion specifically stating that, other than -- from a
13  treating source other than Dr. DiGiovanni's notations or
14  treating source notations that plaintiff is disabled.  And of
15  course, as you know, that is a matter that is reserved to the
16  Commissioner and it doesn't help inform the decision of
17  disability because it doesn't address specifics in terms of
18  any limitations.
19          So, it also appears from having reviewed
20  Dr. DiGiovanni's office notes that the trigger finger surgery
21  healed well.  I do want to say that I did, I do reject
22  government's -- the Commissioner's argument about these
23  conditions not being transitory and not lasting for
24  sufficient amount of time necessary to support a finding of
25  disability because I think that there are indications that

1    they extended over a year and may have been interrelated, but
2    I do find nonetheless that even considering them in
3    combination, they did not undermine the RFC finding.  Again,
4    the trigger finger surgery apparently was well healed by
5    October of 2011.  Plaintiff could make a fist and he had
6    unlimited range of motion, that is at page 405 of the
7    administrative transcript.  In January of 2011 range of
8    motion was normal in the wrists and hands, that's at page
9    287.  In March of 2011, plaintiff had full range of motion
10   and only a slight decrease in grip strength, so -- and as I
11   indicated, at page 404, plaintiff on several occasions
12   including October 8, 2010, December 13, 2010, and October 7,
13   2011 reported that the pain in his wrist was only 2 on a
14   scale of 10.
15           I note that, although it primarily relates to the
16   neck, at page 404 there's an indication that plaintiff did
17   not go to physical therapy because he didn't believe it would
18   help him.  There's also an indication at page 349 of the
19   administrative transcript that the plaintiff was discharged
20   from occupational therapy in December of 2009 due to failure
21   to cooperate.  He's taking only ibuprofen and his reports of
22   daily activities in the statement of -- the disability report
23   to the Commissioner and also his reports to Dr. Puri reveal a
24   fairly robust list of daily activities.
25           So given all of these factors and in particular the

1  consultative report of Dr. Puri and the testimony of
2  Dr. Malaret, I conclude that the Commissioner's
3  determination, the RFC finding, and the ultimate
4  determination which was based on a hypothetical approximating
5  the RFC is supported by substantial evidence and resulted
6  from the application of proper legal principles.  I therefore
7  will grant defendant's motion for judgment on the pleadings
8  dismissing plaintiff's complaint.
9         Again, I'd like to thank you both for excellent
10 arguments.  You both have an excellent command of the facts
11 and the legal arguments and the court appreciates that.
12        MS. FISHMAN:  Thank you, your Honor.
13        MS. CAMMARATO:  Thank you, your Honor.
14             (Proceedings adjourned, 2:28 p.m.)

1     CERTIFICATE OF OFFICIAL REPORTER

2

3          I, JODI L. HIBBARD, RPR, CRR, CSR, Federal Official

4     Realtime Court Reporter, in and for the United States

5     District Court for the Northern District of New York, DO

6     HEREBY CERTIFY that pursuant to Section 753, Title 28, United

7     States Code, that the foregoing is a true and correct

8     transcript of the stenographically reported proceedings held

9     in the above-entitled matter and that the transcript page

10    format is in conformance with the regulations of the Judicial

11    Conference of the United States.

12

13                    Dated this 18th day of June, 2014.

14

15

16                         /S/ JODI L. HIBBARD

17                         JODI L. HIBBARD, RPR, CRR, CSR
                           Official U.S. Court Reporter
18

19

20

21

22

23

24

25